IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Lawrence Maynard,<br>Petitioner, | )<br>)<br>) | |
| v. | ) | 1:13cv1146 (JCC/JFA) |
| | ) | |
| Warden Eric Wilson,<br>Respondent. | )<br>)<br>) | |

FILED NOV 26 2013 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

MEMORANDUM OPINION AND ORDER

Lawrence Maynard, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his sentence. Petitioner has paid the statutory filing fee for this action. For the reasons that follow, the petition must be dismissed for lack of jurisdiction.

I.

Petitioner is presently serving a sentence of 151 months incarceration that was imposed on April 24, 2008, following his conviction of conspiracy to distribute and to possess with intent to distribute five or more kilograms of cocaine and 50 or more kilograms of cocaine base in the United States District Court for the District of Columbia, case number 1:05-cr-00386-ESH-10. Petitioner took a direct appeal to the Court of Appeals for the District of Columbia Circuit, which affirmed his conviction and sentence in a lengthy opinion. The United States Supreme Court subsequently denied his application for a writ of certiorari. See United States v. Maynard, 615 F.3d 544 (D.C. Cir.), cert. denied, __ U.S. __, 131 S.Ct. 671 (2010). Petitioner states, and the Court's PACER system confirms, that he has not moved to vacate the conviction or sentence pursuant to 28 U.S.C. § 2255.

Petitioner filed the instant § 2241 petition on August 29, 2013,[1] arguing that he must be resentenced pursuant to Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013).[2]

## II.

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through § 2255."). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e).[3] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5. Nonetheless, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has

---

[1] A pleading filed by an incarcerated person is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). See Pet. at 10.

[2] Alleyne is the latest in a series of cases following Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which held that under the Fifth and Sixth Amendments, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt. Blakely v. Washington, 542 U.S. 296 (2004) extended the Apprendi rationale to any fact which increases the sentence beyond a legislatively-mandated guideline, even if it is within the statutory maximum for the offense. The following year, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that Apprendi rendered the mandatory nature of the United States Sentencing Guidelines unconstitutional. Alleyne now dictates that any fact that increases the mandatory minimum sentence for an offense is an element which must be submitted to the jury.

[3] "This 'inadequate and ineffective' exception is known as 'the savings clause' to [the'] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671 at *3 (E.D. Va. Apr. 12, 2012) (quoting In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (internal citations omitted). Thus, a federal inmate may proceed under § 2241 to challenge his conviction or sentence "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008).

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the **substantive law** changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3.

### III.

In this case, petitioner cannot satisfy the Jones criteria, because he relies on a new procedural rule rather than a change in the substantive law. As a result, his resort to § 2241 is foreclosed. "New substantive rules generally apply retroactively. [Such rules] include[] decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004) (citations omitted). On the other hand, "[n]ew rules of procedure ... generally do not apply retroactively" to cases on

collateral review. Id. at 352; see also, United States v. Morris, 429 F.3d 65, 69 (4th Cir. 2005). That is so because new rules of procedure "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. In contrast to a substantive rule which alters "the range of conduct or the class of persons that the law punishes," id. at 353, a procedural rule "merely regulates 'the manner of determining the defendant's culpability.'" United States v. Powell, 691 F.3d 554, 558 (4th Cir. 2012) (quoting Schriro, 542 at 353).

Here, the requirement announced in Alleyne that any fact that increases the mandatory minimum sentence for an offense must be submitted to the jury prescribes the manner in which a sentence is to be computed, but it does not alter the range of conduct or the class of persons subject to criminal punishment. As such, it is a procedural rather than a substantive change in the law. See generally, Powell, 691 F.3d at 559-60. This conclusion is borne out by myriad decisions from all of the circuit court of appeals which have concluded that United States v. Booker, the immediate predecessor to Alleyne in the progressive extension of the Apprendi doctrine, see n. 2, supra, announced a procedural rule and hence does not apply retroactively to cases on collateral review. United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005). Moreover, the Fourth Circuit has squarely stated in at least one decision that the § 2255 savings clause does not apply to petitioners who challenge only their sentences. Poole, 531 F.3d at 267 n. 7.

Accordingly, because petitioner's claim falls outside the § 2255 savings clause, he may not proceed under § 2241, and this petition must be dismissed for lack of jurisdiction. The Clerk will be instructed to provide petitioner with a standardized form motion to vacate pursuant to § 2255 for his use in bringing his present claim under that authority, should he wish to do so. In

deference to his pro se status, petitioner is advised that venue for a § 2255 claim would lie in the sentencing court, the United States District Court for the District of Columbia.[4]

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED WITH PREJUDICE for lack of jurisdiction.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order and a standard § 2255 motion to vacate form to petitioner and to close this civil case.

Entered this 26th day of November 2013.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge

---

[4] While an application for § 2241 habeas corpus relief should be filed in the district where the petitioner is confined, a motion to vacate under § 2255 must be filed with the sentencing court. In re Vial, 115 F.3d at 1194.